STEPHEN P. SONNENBERG
GENEVIEVE C. NADEAU
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OSWALD WILSON,

               Plaintiff,

      - against -

AMERICAN BROADCASTING CO., INC., ABC
CO, INC., DISNEY ENTERPRISES, INC., THE
WALT DISNEY COMPANY, MICHAEL
ZDYRKO, CHARLES ZANLUNGHI, WILLIAM
TRACY, BRENDAN BURKE, ROBERT SCHLES
AND SANDY RAMJATTAN

               Defendants.

1:08-cv-01333-LAP

**AFFIRMATION OF**
**STEPHEN P. SONNENBERG**

STEPHEN P. SONNENBERG, an attorney with the firm of Paul, Hastings, Janofsky & Walker LLP, counsel for Defendants, affirms and says:

1.    Attached as **Exhibit A** is a true and correct copy of Plaintiff Oswald Wilson's Complaint, filed on February 11, 2008.

2.    Attached as **Exhibit B** is a true and correct copy of Plaintiff Oswald Wilson's administrative charge of discrimination, filed with the State of New York Division of Human Rights on March 7, 2007.

3.    Attached as **Exhibit C** is a true and correct copy of the "Notice of Charge of Discrimination Where an FEP Agency Will Initially Process," indicating that Plaintiff's charge was received by the New York State Division of Human Rights and was sent to the EEOC for dual filing purposes on March 7, 2007.

4.    Attached as **Exhibit D** is a true and correct copy of Plaintiff Oswald Wilson's amended administrative charge, indicating that the respondent's name shall be amended to "American Broadcastings Companies, Inc.," filed on March 19, 2007.


Dated: New York, New York             _____/s/ Stephen P. Sonnenberg___
       May 7, 2008                    STEPHEN P. SONNENBERG


LEGAL_US_E # 79293589.1


- 2 -

Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------

OSWALD WILSON,

          Plaintiff,                            COMPLAINT

   -against-

AMERICAN BROADCASTING CO., INC.       JUDGE PRESKA
ABC CO. INC., DISNEY ENTERPRISES, INC.,
THE WALT DISNEY COMPANY,          08 CV 01333
MICHAEL ZDYRKO, CHARLES ZANLUNGHI,      Dkt No.
WILLIAM TRACY, BRENDAN BURKE,
ROBERT SCHLES and
SANDY RANJATTAN,

            Defendants
---------------------------------------------------------------

Plaintiff, by his attorney, Lennox S. Hinds Esq., complaining of the acts of defendants, alleges as follows:

## JURISDICTION

1.   This is an action to redress discrimination based upon race and national origin, and based upon reprisal for opposition to racial and national origin discrimination. This Court has subject matter jurisdiction under 28 U.S.C. § 1343, to redress violations of civil rights and upon information and belief, under 28 U.S.C. § 1332, based upon the complete diversity of citizenship of Plaintiff and all Defendants in an action in which more than seventy-five thousand dollars is in controversy. This Court has supplemental jurisdiction over Plaintiff's claims based upon New York State and New York City law under 28 U.S. C. § 1367.

## VENUE

2.  Venue is laid in the Southern District of New York, where the claims arose.

## PARTIES

3.  Plaintiff, OSWALD WILSON, is an African-American citizen of the United States and a citizen and resident of the State of New Jersey. He is a naturalized United States citizen, of Jamaican national origin.

4.  Defendant AMERICAN BROADCASTING CO., INC., ("ABC") is and at all times mentioned herein has been a  corporation organized under the laws of Delaware, with its principal place of business in New York.  At all times mentioned herein, ABC has been an employer of more than five-hundred persons within the meaning of 42 USC § 2000e.

5.  Defendant ABC CO., INC., is and at all times mentioned herein has been a corporation organized under the laws of Delaware, with its principal place of business in New York.  Upon information and belief, ABC CO., INC. is a subsidiary of Defendant AMERICAN BROADCASTING CO., INC., At all times mentioned herein, ABC CO, INC. has been an employer of more than five-hundred persons within the meaning of 42 USC § 2000e.

6.  Defendant DISNEY ENTERPRISES, INC. is and at all times mentioned herein has been a  corporation organized under the laws of Delaware, with its principal place of business in California.  At all times mentioned herein, DISNEY ENTERPRISES has been an employer of more than five-hundred persons within the meaning of 42 USC § 2000e.

7. Defendant WALT DISNEY COMPANY, INC. is and at all times mentioned herein has been a corporation organized under the laws of Delaware, with its principal place of business in California. At all times mentioned herein, WALT DISNEY COMPANY, INC. has been an employer of more than five-hundred persons within the meaning of 42 USC § 2000e.

8. Defendants MICHAEL ZDYRKO, CHARLES ZANLUNGHI, WILLIAM TRACY, ROBERT SCHLES, BRENDAN BURKE and SANDY RANJATAN at all times mentioned herein are and have been employees and agents of Defendants ABC, ABC CO., INC., DISNEY ENTERPRISES, and/or WALT DISNEY COMPANY, INC. ("Defendant employers") acting within the scope of their employment. Upon information and belief, each of these Defendants are citizens and residents of the State of New York.

FACTS

9. In February, 2004, Plaintiff hung a New York Post article honoring Black History Month that his son had given him on his equipment rack located at the 125 West End Avenue Engineering Maintenance Shop, where he was stationed and assigned to work as an employee of Defendant employers.

10. Throughout February, 2004 and into early March, 2004, Plaintiff was forced to endure racially charged comments and epithets by his immediate supervisors/managers in particular, Defendant Zanlunghi. For instance, in early March, Defendant Zanlunghi directed Plaintiff to remove the New York Post article from his equipment rack. Defendant Zanlunghi went on to comment that "Black History Month should be changed to White Aryan Nation Month."

11.  A week later, in March, 2004, Plaintiff saw a black doll dangling by its neck in a Hangman's noose hanging from the drop ceiling near his equipment rack at the 125 West End Avenue ENG Maintenance Shop.

12.  Plaintiff immediately notified his direct manager, Defendant Schles, of the noose and informed Defendant Schles that such a hateful display was incredibly offensive to him as an African-American man.

13.  Rather than addressing the issue, Defendants, in April, 2004, transferred Plaintiff from the 125 West End Avenue location to the 147 Columbus Avenue Slant III Maintenance Shop.

14.  Meanwhile, Defendants continued to permit the noose to be displayed at the 125 West End Avenue shop.

15.  Plaintiff's work took him to the 125 West End Avenue location even after his transfer, and whenever he was there, he would observe that the noose had not been removed, although he repeatedly asked his managers that it be taken down.

16.  In December, 2004, while Plaintiff was out of work on medical leave relating to a work-related injury he had sustained.  Around that time, a series of violent storms had struck the Caribbean. Plaintiff later learned that in response to a co-worker's inquiry as to where he was, Defendant Zanlunghi, in a derogatory tone, had commented that he was "probably walking barefoot somewhere in Jamaica to help repair the roof that blew off his family's hut."

17.  In early February, 2005, when Plaintiff was transferred back to the 125 West End Avenue work site, he saw that the noose was still being displayed.

18.  Plaintiff went to Defendant Schles to ask why the noose had not been removed. Defendant Schles told Plaintiff that since the noose was not in his immediate work area he shouldn't worry about it.

19.  Upon reporting to the 125 West End Avenue plant for a meeting on October 10, 2006,  Plaintiff saw that the noose was still hanging from the ceiling as it had been since March, 2004.

20.  It was not until some time after October 11, 2006, over a year and a half after Plaintiff had  first complained about the noose that Defendant Burke and/or Defendant Ranjattan caused the black doll in a noose to be removed, after Plaintiff complained to them about it at a meeting and they had learned from him that he had taken a photo of the offensive object to prove the discriminatory action.

21.  In June, 2004, for the second time in about two months, Plaintiff was transferred again, this time to the 47 West 66th Street Slant II Maintenance Shop.  In early February, 2005, when Plaintiff transferred back to the 125 West End Avenue work site.

22.  On or about  June 14, 2005, Plaintiff was transferred from 125 West End Avenue Maintenance Shop to the 147 Columbus Avenue Slant III Maintenance Shop. Plaintiff alone,  among  the  engineers  employed  by  Defendant  employers  was  repeatedly transferred back and forth among the work sites.

23.  From the time that he was assigned to the 147 Columbus Avenue Shop to the present, Plaintiff has  not  been  provided  with  a  work bench  and  test equipment  rack, although all other engineers employed by Defendants have work benches.

24.  In late July, 2007, another engineer at the 147 Columbus Avenue Shop resigned, and his workbench and equipment rack became available.

25. Plaintiff went out on vacation from August 6, 2007 to August 13, 2007. Upon his return, he found the workbench and test equipment rack missing, and learned that Defendant Zdyrko had ordered that they be removed.

26. In early October, 2006, Defendant Zanlunghi falsely accused Plaintiff of working on equipment that did not belong to ABC on company time, raising his voice in an unprofessional manner while making this accusation.

27. On October 9, 2006, Plaintiff was given a hard copy of an e-mail summoning him to a meeting with Defendant Zdyrko the next day at 125 West End Avenue. Plaintiff went to the site the next day at the appointed time, and found Zdyrko's office door locked. He called Zdyrko on his cell phone, and was told to come back to the 66 Street shop.

28. At the meeting, Plaintiff on October 10, 2006, Plaintiff was reprimanded by Defendant Zdyrko for allegedly excessive sick days. Defendant Zanlunghi jumped in with false accusations of spending what was alleged to be excessive time on the job speaking with another African-American employee, and a repetition of the false charge of working on non-ABC equipment on company time. Defendant Zdyrko then raised his voice and yelled that Plaintiff could not have co-workers visiting him in his work area. Plaintiff asked if this applied to all employees at the Slant III shop, and neither Defendant responded. When Plaintiff asked if he was being singled out, they both answered, "yes, yes."

29. Plaintiff felt sick and nauseous after the meeting, and asked Jose Urena for permission to go to the ABC medical office, where he explained the situation to the physician.

30.  Plaintiff then contacted Defendant Brendan Burke, the Director of Employee Relations and made an appointment to see Burke the next day.

31.  On October 11, 2007, Plaintiff met with Defendants Burke and Raqnjattan, and complained about the black doll hanging from a noose, the lack of a workbench, the transfers, and the discriminatory comments made by Defendants Zdyrko and Zanlunghi at the meeting the day before.

32.  On January 23, 2007, Plaintiff was scheduled to arrive at work at 4:00 p.m. Defendant Zdyrko approached Plaintiff at about 12:15 p.m. at the jobsite, and in front of his co-workers, began yelling at him for coming in late.

33.  When Defendant Zdyrko learned that Plaintiff had not been due in until later in the the afternoon, he called Plaintiff on the phone and acknowledged the error, but did not apologize to Plaintiff.

34.  In February, 2007, Plaintiff met with Defendants Ranjattan and Defendant Tracy. He explained that his mistreatment on the job had caused him to develop a medical condition for which he was receiving treatment.   He asked for a work schedule which would allow him to keep medical appointments every Tuesday afternoon.   Tracy promised him this accommodation.

35.  As instructed by Defendant Tracy, Plaintiff provided the ABC Medical office with a letter from his therapist concerning his need for this accommodation in scheduling his work time.

36.  While initially, after providing the note from his therapist, Plaintiff was given a work schedule which accommodated  this request, as he had been promised, after a few weeks he was given a schedule which required him to work on alternate Tuesday afternoons.

37.  At the meeting with Defendants Ranjatan and  Tracy, Plaintiff also mentioned that he did not have a work bench or test equipment rack.

38.  As a result of the discriminatory treatment by Defendants, Plaintiff has been made to suffer physical and emotional pain and suffering and humiliation, and has been subjected to a hostile work environment which has interfered with his ability to perform his work.

39.  On March 7, 2007, Plaintiff filed a complaint of discrimination with the New York State Division of Human Rights which, pursuant to a work-sharing agreement, accepted it on behalf of the United States Equal Employment Opportunity Commission, and filed the complaint as an EEOC charge.

40.  On October 10, 2007, the New York State Division of Human Rights, at Plaintiff's request, issued an order dismissing the complaint for administrative convenience.

41.  On November 14, 2007, the United States Equal Employment Opportunity Commission, at Plaintiff's request, issued a Right to Sue letter.

42.  This action is timely commenced within ninety days of Plaintiff's receipt of the Right to Sue letter.

### As a First Cause of Action

43. The acts and failure to act of Defendant employers based upon Plaintiff's race, color, and national origin, and in reprisal for his opposition to discrimination violated Plaintiff's rights under the Equal Employment Opportunities Act of 1972, 42 U.S.C. § 2000e, et seq., giving rise to an action for the injuries caused thereby to Plaintiff.

### As a Second Cause of Action

44. Plaintiff repeats and realleges as if stated here in full ¶¶ 1-37 of this complaint.

45. The acts and failures to act of Defendants violated Plaintiff's rights secured by 42 U.S.C. §§ 1981 and 1981a, giving rise to an action for the injuries caused thereby to Plaintiff.

### As a Third Cause of Action

46. Plaintiff repeats and realleges as if stated here in full ¶¶ 1-37 of this complaint.

47. Each of the Defendants conspired with each of the other defendants to violate Plaintiff's rights based upon a racial animus against him, and based upon an animus against him for his opposition to racial discrimination.

48. Defendants are liable for their violation of Plaintiff's rights pursuant to 42 U.S.C. § 1985.

### As a Fourth Cause of Action

49.  Plaintiff repeats and realleges as if stated here in full ¶¶ 1-37 of this COMPLAINT.

50.  Defendant employers denied Plaintiff the right to take sick time without reprisal secured by the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., causing injuries for which these Defendants are liable.

### As a Fifth Cause of Action

51.  Plaintiff repeats and realleges as if stated here in full ¶¶ 37 of this complaint.

52.  Defendants violated Plaintiff's rights to be free of discrimination based upon race, color, national origin, and in reprisal for his opposition to discrimination, and aided one another in discriminating against Plaintiff, in violation of the New York State Human Rights Law, Executive Law § 296 et seq., giving rise to injuries for which Defendants are liable.

### As a Sixth Cause of Action

53.  Plaintiff repeats and realleges as if stated here in full ¶¶ 1-37 of this complaint.

54.  Defendants violated Plaintiff's rights to be free of discrimination based upon race, color, national origin, and in reprisal for his opposition to discrimination, and aided one another in discriminating against Plaintiff, in violation of the New York City Human Rights Law, N.Y.C. Administrative Code § 8-106 et seq., giving rise to injuries for which Defendants are liable.

### As a Seventh Cause of Action

55. Plaintiff repeats and realleges as if stated here in full ¶¶ 1-37 of this complaint.

56. Plaintiff's illness constituted a disability within the meaning of the New York State York State Human Rights Law, New York State Executive Law § 292 (21).

57. The failure of Defendants to reasonably accommodate Plaintiff's request for a schedule which permitted him to keep his doctor's appointments on Tuesday afternoons constituted a discriminatory practice under New York State Executive Law § 296, causing injury for which Defendants are liable.

### As an Eighth Cause of Action

58. Plaintiff repeats and realleges as if stated here in full ¶¶ 1-37 of this complaint.

59. Plaintiff's illness constituted a disability within the meaning of the New York City Human Rights Code, New York City Administrative Code § 8-102 (16).

60. The failure of Defendants to reasonably accommodate Plaintiff's request for a schedule which permitted him to keep his doctor's appointments on Tuesday afternoons constituted a discriminatory practice under New York City Administrative Code § 8-107 (16), causing injury for which Defendants are liable.

### As a Ninth Cause of Action

61.   Plaintiff repeats and realleges as if stated here in full ¶¶ 1-37 of this complaint.

62.   Defendants' actions constituted an outrageous campaign of harassment of Plaintiff, causing him unbearable emotional distress and physical and mental pain and suffering.

63.   Defendants are liable for the intentional infliction of emotional distress against Plaintiff, giving rise to injury for which Defendants are liable.

### As a Tenth Cause of Action

64.   Plaintiff repeats and realleges as if stated here in full ¶¶ 1-37 of this complaint.

65.   Defendants' actions constituted the negligent infliction of emotional distress upon Plaintiff, causing him unbearable emotional distress and physical and mental pain and suffering, giving rise to injury for which Defendants are liable.

Wherefore, Plaintiff demands judgment against Defendant employers jointly and severally for the violation of his civil rights under 42 U.S.C. § 2000e, and 29 U.S.C. § 2601 et seq., for damages, and against all Defendants on his remaining causes of action, for compensatory and punitive damages, and injunctive relief against all defendants prohibiting them from engaging in discriminatory conduct and requiring them to reasonably accommodate his disability, together with reasonable attorneys' fees and costs and such further, other and different relief as this Court deems just in the premises.

Respectfully submitted,

Lennox S. Hinds, Esq. (8196)
Stevens, Hinds, & White, P.C.
Attorneys for Plaintiff
116 W. 111 Street
New York, NY 10026
212 864 4445

Jury Demand

Plaintiff hereby demands trial by jury of all claims triable by jury.

Lennox S. Hinds, Esq.

Exhibit B

STATE OF NEW YORK
DIVISION OF HUMAN RIGHTS

---------------------------------------------------------

STATE DIVISION OF HUMAN RIGHTS
on the Complaint of

OSWALD A. WILSON,

                              Complainant,

              v.

DISNEY/AMERICAN BROADCASTING COMPANY,
INC.,

                              Respondent.

---------------------------------------------------------

VERIFIED COMPLAINT
Pursuant to Executive
Law, Article 15

Case No.
**10116504**

Federal Charge No. 16GA701983

I, Oswald A. Wilson, residing at 25 Saint Johns Drive,
Freehold, NJ, 07728, charge the above named respondent, whose
address is 77 West 66th Street, New York, NY, 10026 with an
unlawful discriminatory practice relating to employment in
violation of Article 15 of the Executive Law of the State of New
York (Human Rights Law) because of race/color, opposed
discrimination/retaliation.

Date most recent or continuing discrimination took place is
10/4/2006.

The allegations are:

1.    I am Black.  Because of this, I have been subject to
unlawful discriminatory actions.

2.    On April 4, 1992, I began my employment with respondent
as a Maintenance Engineer. I was assigned to 125 West End
Avenue.  My work performance, time and attendance have always
been satisfactory.

3.    On Or About June 14, 2005, I was transferred to 147
Columbus Avenue.

4.    On or about October 4, 2006, I complained to Brendon
Burke, Director of Human Resource (White), about a black doll
with a noose hanging around his neck, in Brian Kelly's (white)
work station.

5.    On January 19, 2007 I received an investigation report
that informed me Ms. Ramjattan and Mr. Burke went to the
workshop, at which time they found and removed the doll.  They
received conflicting stories concerning how the doll got there.

6.    On January 23, 2007, I arrived to work at 12:15 P.M.
Micheal Zdyrko, Manager (White), approached me and began
yelling, and wrongfully accused me of not arriving to work on
time.  He was later informed by the shop steward that my
scheduled arrival time was 4 P.M. Mr. Zdyrko, did not apologize
to me for his mistake.  I feel that this discriminatory
inappropriate behavior toward me in the workplace is based on my
race and because I filed a complaint with the Human Resources
Dept.

Based on the foregoing, I charge respondent with an unlawful
discriminatory practice relating to employment because of
race/color, opposed discrimination/retaliation, in violation of
the New York State Human Rights Law (Executive Law, Article 15),
Section 296.

I also charge the above-named respondent with violating Title
VII of the Civil Rights Act of 1964, as amended (covers race,
color, creed, national origin, sex relating to employment).  I
hereby authorize SDHR to accept this verified complaint on
behalf of the U.S. Equal Employment Opportunity Commission
(EEOC) subject to the statutory limitations contained in the
aforementioned law(s).

I have not commenced any other civil action, nor do I have an
action pending before any administrative agency, under any state
or local law, based upon this same unlawful discriminatory
practice.

_____
Oswald A. Wilson

STATE OF NEW YORK )
                  )   SS:
COUNTY OF         )

Oswald A. Wilson, being duly sworn, deposes and says: that
he/she is the complainant herein; that he/she has read (or had
read to him or her) the foregoing complaint and knows the
content thereof; that the same is true of his/her own knowledge
except as to the matters therein stated on information and
belief; and that as to those matters, he/she believes the same
to be true.

_____          *Oswald Wilson*
Oswald A. Wilson

Subscribed and sworn to
before me this 7th day
of March, 2007

_____
Signature of Notary Public

M. LEONA JAMES.
Notary Public, State of New York
No. 03-4758341
Qualified in Bronx County
Commission Expires November 30, 20 10.

— 3 —

Exhibit C

a

| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | PERSON FILING CHARGE: |
|---|---|

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

TO:
Disney/American Broadcasting Company, Inc.
Attn: Brendon Burke, Director of Human
Resource
77 West 66th Street
New York, NY 10026

PERSON FILING CHARGE:
  Oswald A. Wilson
THIS PERSON (Check one):
  Claims to be aggrieved [x]
  Files on behalf of other(s) [ ]
DATE OF ALLEGED VIOLATION:
  10/4/2006
PLACE OF ALLEGED VIOLATION:
  New York County
EEOC CHARGE NUMBER:
  16GA701983
FEPA CHARGE NUMBER:
  10116504

NOTICE OF CHARGE OF DISCRIMINATION WHERE AN FEP AGENCY WILL INITIALLY PROCESS

YOU ARE HEREBY NOTIFIED THAT A CHARGE OF EMPLOYMENT DISCRIMINATION UNDER

  [X]  Title VII of the Civil Rights Act of 1964
  [ ]  The Age Discrimination in Employment Act of 1967 (ADEA)
  [ ]  The Americans with Disabilities Act (ADA)

HAS BEEN RECEIVED BY: The New York State Division of Human Rights (FEP Agency) and sent to the EEOC for dual filing purposes.

While the EEOC has jurisdiction (upon expiration of any deferral requirements if this I a Title VII or ADA charge) to investigate this charge, EEOC may refrain from beginning an investigation and await the issuance of the FEP Agency's final findings and orders. These final findings and orders will be given weight by EEOC in making its own determination as to whether or not reasonable cause exists to believe that the allegations made in the charge are true.

You are therefore encouraged to cooperate fully with the FEP Agency. All facts and evidence provided by you to the Agency in the course of its proceedings will be considered by the Commission when it reviews the Agency's final findings and orders. In many instances the Commission will take no further action, thereby avoiding the necessity of an investigation by both the FEP Agency and the Commission. This likelihood is increased by your active cooperation with the Agency.

As a party to the charge, you may request that EEOC review the final decision and order of the above named FEP Agency. For such a request to be honored, you must notify the Commission in writing within 15 days of your receipt of the Agency's issuing a final finding and order. If the Agency terminates its proceedings without issuing a final finding and order, you will be contacted further by the Commission.

For further correspondence on this matter, please use the charge number(s) shown.

  [ ]  An Equal Pay Act investigation (29 U.S.C. §206(d)) will be conducted by the Commission concurrently with the FEP Agency's investigation of the charge.

  [X]  Enclosure: Copy of the Charge

BASIS FOR DISCRIMINATION:  Race/Color, Opposed Discrimination/Retaliation

CIRCUMSTANCES OF ALLEGED VIOLATION:
     SEE ATTACHED N.Y.S. DIVISION OF HUMAN RIGHTS COMPLAINT

DATE: March 7, 2007

                              TYPED NAME OF AUTHORIZED EEOC OFFICIAL:
                              Spencer H. Lewis, Jr.

Exhibit D

STATE OF NEW YORK
DIVISION OF HUMAN RIGHTS

| | |
|---|---|
| STATE DIVISION OF HUMAN RIGHTS<br>on the Complaint of<br><br>OSWALD A. WILSON,<br><br>                           Complainant,<br><br>             v.<br><br>DISNEY/AMERICAN BROADCASTING COMPANY,<br>INC.,<br><br>                           Respondent. | AMENDMENT TO<br>THE COMPLAINT<br><br>Case No.<br>10116504 |

Federal Charge No. 16GA701983

    Pursuant to the provisions of §297.4a of the Human Rights
Law (Executive Law, Article 15) of the State of New York, and
the New York State Division of Human Rights, Rules of Practice
§465.4, the complaint in the aforesaid proceeding is amended as
follows:

    The respondent name shall be amended as follows: American
Broadcasting Companies, Inc.

Dated: 3/19/2007 4:56:23 PM
     New York, New York

                  STATE DIVISION OF HUMAN RIGHTS

By:     *Wilson P. Ortiz*
         Wilson P. Ortiz,
         Acting Regional Director