STEPHEN P. SONNENBERG
GENEVIEVE C. NADEAU
PAUL, HASTINGS, JANOFSKY & WALKER LLP
75 East 55th Street
New York, New York 10022
(212) 318-6000

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

OSWALD WILSON,

           Plaintiff,

- against -

AMERICAN BROADCASTING CO., INC., ABC CO, INC., DISNEY ENTERPRISES, INC., THE WALT DISNEY COMPANY, MICHAEL ZDYRKO, CHARLES ZANLUNGHI, WILLIAM TRACY, BRENDAN BURKE, ROBERT SCHLES AND SANDY RAMJATTAN

           Defendants.

1:08-cv-01333-LAP

---

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................. 3

ARGUMENT ........................................................................................................................... 4

I.   Plaintiff Fails To State A Title VII Claim Against Any Individual Defendant .......... 4

II.  Plaintiff Fails To State An FMLA Claim Against Any Individual Defendant .......... 5

III. Plaintiff's Bare Allegations Against Defendants Burke, Ramjattan, and Tracy Are Insufficient To State A Claim Under Any Theory .............................. 7

IV.  Plaintiff's Section 1985 Cause of Action Should Be Dismissed In Its Entirety ........ 10

   A.   Plaintiff Cannot Point To A Deprivation Of Rights That May Form The Substantive Basis Of A Section 1985 Claim ................................. 10

   B.   Plaintiff Also Fails To Allege The Required "Conspiracy" ..................... 11

   C.   The Intra-Corporate Immunity Doctrine Renders A Conspiracy Legally Impossible In This Case ............................................................ 12

V.   Plaintiff's Negligent Infliction Of Emotional Distress Claim Is Preempted By New York's Workers' Compensation Law ........................................................ 13

VI.  Plaintiff Should Not Be Granted Leave To Amend His Complaint ........................ 13

CONCLUSION ..................................................................................................................... 14

## TABLE OF AUTHORITIES

Page

**Cases**

*Abdi v. Brookhaven Sci. Assocs., LLC,*
   447 F. Supp. 2d 221 (E.D.N.Y. 2006) .................................................................. 11

*Ambris v. Bank of N.Y.,*
   No. 96 Civ. 0061 (LAP), 1997 U.S. Dist.
   LEXIS 2575 (S.D.N.Y. Mar. 10, 1997) .................................................................. 4

*Brunelle v. Cyro Indus.,*
   225 F. Supp. 2d 67 (D. Me. 2002) .......................................................................... 6

*Carmody v. City of New York,*
   No. 05-cv-8084 (HB), 2006 U.S. Dist. Lexis 25308
   (S.D.N.Y May 11, 2006) ........................................................................................ 9

*Deravin v. Kerik,*
   335 F.3d 195 (2d Cir. 2003) .................................................................................... 5

*El Horin Yisrael v. Per Scholas, Inc.,*
   No. 01 Civ. 8290 (DAB), *2004 U.S. Dist. LEXIS 5807*
   (S.D.N.Y. 2004) ...................................................................................................... 11

*Exportaciones Del Futuro S.A. De C.V. v. Iconix Brand Group Inc.,*
   No. 07 Civ. 4145 (LBS), 2007 U.S. Dist. LEXIS 83309
   (S.D.N.Y. Nov. 6, 2007) ........................................................................................ 13

*Gagliardi v. Universal Outdoor Holdings, Inc.,*
   137 F. Supp. 2d 374 (S.D.N.Y. 2001) .................................................................... 5

*Great Am. Fed. Sav. & Loan Assoc.,*
   442 U.S. 366 (1979) .............................................................................................. 10

*Harris v. Niagara Mohawk Power Corp.,*
   No. 95-CV-788 FJS GJD, 1998 WL 865566
   (N.D.N.Y. Dec. 7, 1998) .................................................................................. 10, 11

*Herrmann v. Moore,*
   576 F.2d 453 (2d Cir. 1978) .................................................................................. 12

*Hoehn v. Int'l Sec. Servs. & Investigations,*
   No. 97-CV-0974A(F), 1999 U.S. Dist. LEXIS 22546
   (W.D.N.Y. Mar. 4, 1999) ...................................................................................... 12

*Holowecki v. Fed. Express Corp.,*
   440 F.3d 558 (2d Cir. 2006) .................................................................................... 4

*Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.,*
   62 F.3d 69 (2d Cir. 1995) ........................................................................................ 4

*IUE AFL-CIO Pension Fund v. Herrmann,*
   9 F.3d 1049 (2d Cir. 1993) ...................................................................................... 4

*Jenkins v. Arcade Bldg. Maint.,*
   44 F. Supp. 2d 524 (S.D.N.Y. 1999) .................................................................... 11

*Johnson v. A.P. Prods., Ltd.,*
   934 F. Supp. 625 (S.D.N.Y. 1996) .......................................................................... 6

*Keene v. Rinaldi,*
   127 F. Supp. 2d 770 (M.D.N.C. 2000) .................................................................... 6

*Ladson v. Ultra E. Parking Corp.,*
   853 F. Supp. 699 (S.D.N.Y. 1994) ........................................................................ 11

## TABLE OF AUTHORITIES
## (continued)

Page

*Le Williamson v. Deluxe Fin. Servs.*,
  No. 03-2538-KHV, 2005 U.S. Dist. LEXIS
  15293 (D. Kan. Jul. 6, 2005) ................................................................ 6

*Little v. City of N.Y.*,
  487 F. Supp. 2d 426 (S.D.N.Y. 2007) .................................................. 12

*Malaney v. El Al Isr. Airlines*,
  No. 07 Civ. 8773 (DLC), 2008 U.S. Dist. LEXIS 1709
  (S.D.N.Y. Jan. 4, 2008) ....................................................................... 9

*Mandell v. County of Suffolk*,
  316 F.3d 368 (2d Cir. 2003) ................................................................. 4

*Mason v. CIGNA Ins. Co. of Europe S.A.-N.V.*,
  165 F.3d 14 (2d Cir. N.Y. 1998) ......................................................... 11

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007) .......................................................... 13, 14

*Pasqualini v. MortgageIT, Inc.*,
  498 F. Supp. 2d 659 (S.D.N.Y. 2007) ............................................. 5, 13

*Redhead v. Conference of Seventh-day Adventists*,
  440 F. Supp. 2d 211 (E.D.N.Y. 2006) .................................................. 7

*Richards v. N.Y. State Dep't of Corr. Servs.*,
  572 F. Supp. 1168 (S.D.N.Y. 1983) ............................................... 11, 12

*Rowe Entm't Inc. v. William Morris Agency, Inc.*,
  167 Fed. Appx. 227 (2d Cir. 2005) ..................................................... 11

*Sherlock v. Montefiore Med. Ctr.*,
  84 F.3d 522 (2d Cir. 1996) ................................................................. 10

*Tomka v. Seiler Corp.*,
  66 F.3d 1295 (2d Cir. 1995) ............................................................. 5, 9

*Torres v. Pisano*,
  116 F.3d 625 (2d Cir. 1997) ............................................................... 13

*Whidbee v. Garzarelli Food Specialties, Inc.*,
  223 F.3d 62 (2nd Cir. 2000) ................................................................. 9

*Wrighten v. Glowski*,
  232 F.3d 119 (2d Cir. 2000) ................................................................. 4

**Statutes**

42 U.S.C. § 2000e .................................................................................... 2, 5
29 U.S.C. § 2611(4)(A)(ii) ........................................................................... 6
42 U.S.C. § 1985 ....................................................................................... 2, 9
42 U.S.C. § 1981 .......................................................................................... 3
N.Y. CLS Workers' Comp. Law § 29(6) ................................................... 13

Defendants American Broadcasting Companies, Inc., Michael Zdyrko, Charles Zanlunghi, William Tracy, Brendan Burke, Robert Schles, and Sandy Ramjattan (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion for an order pursuant to Federal Rule of Civil Procedure 12(b)(6), dismissing portions of the Complaint in this action for failure to state a claim upon which relief can be granted.[1]

## INTRODUCTION

Plaintiff Oswald Wilson ("Plaintiff") asserts a number of causes of action against his current employer, American Broadcasting Companies, Inc. ("ABC").[2] Plaintiff also purports to bring identical claims against each of six individual defendants.[3] Plaintiff alleges discrimination based on race, color, national origin, and an unspecified disability, as well as interference with his right to take sick leave, and intentional and negligent infliction of emotional distress. He makes no attempt to support many of his claims, however, with anything other than vague and conclusory allegations, and he makes no attempt to distinguish among the defendants named in the Complaint.

Several of Plaintiff's claims are insufficient as a matter of law and should be dismissed accordingly. In particular:

---

[1] *See* Affirmation of Stephen P. Sonnenberg ("Sonnenberg Aff."), Exhibit A.
[2] Originally, Plaintiff named ABC Co., Inc., Disney Enterprises, Inc., and the Walt Disney Company as additional corporate defendants, but has since stipulated to dismiss them.
[3] The individual defendants are Michael Zdyrko, Charles Zanlunghi, William Tracy, Brendan Burke, Robert Schles, and Sandy Ramjattan. Collectively, ABC and the individual defendants are referred to herein as "Defendants."

- Plaintiff's first cause of action for violation of 42 U.S.C. § 2000e *et seq.* ("Title VII") should be dismissed with respect to all six individual defendants because individuals cannot be held liable under the statute.

- Plaintiff's fourth cause of action for violation of the Family Medical Leave Act ("FMLA") should be dismissed with respect to all six individual defendants because the allegations in the Complaint are insufficient to establish that any of the them qualify as "employers" under the statute, or that any of them took any action which violated the statute.

- Defendants Burke, Ramjattan, and Tracy should be dismissed entirely from this action because the allegations in Plaintiff's Complaint are insufficient to state a claim against them under any theory of liability.

- Plaintiff's third cause of action for violation of 42 U.S.C. § 1985 ("Section 1985") should be dismissed in its entirety because: (1) Plaintiff can identify no deprivation of rights upon which to base a Section 1985 claim; (2) Plaintiff fails to allege the required conspiracy; and (3) the intra-corporate immunity doctrine makes a conspiracy legally impossible in this case.

- Plaintiff's tenth cause of action for negligent infliction of emotional distress should be dismissed in its entirety because it is preempted by the New York Workers' Compensation Law.

For these reasons, the Court should dismiss these portions of the Complaint.

## FACTUAL BACKGROUND[4]

On March 7, 2007, Plaintiff filed a charge of discrimination against ABC with the New York State Division of Human Rights and the EEOC.[5] (Complt. ¶ 39.) In his charge, Plaintiff alleged discrimination based on his race and color, as well as retaliation, in violation of the New York State Human Rights Law ("NYSHRL") and Title VII. On October 10, 2007, at Plaintiff's request, the New York State Division of Human Rights issued a Determination and Order of Dismissal for Administrative Convenience. The Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights on November 14, 2007. Plaintiff filed his Complaint in this action on February 11, 2008.

In his Complaint, Plaintiff alleges that Defendants discriminated against him based on his race, color, and national origin in violation of Title VII, 42 U.S.C. § 1981 ("Section 1981"), the NYSHRL, and the New York City Human Rights Law ("NYCHRL"). (Complt. ¶¶ 43, 51-52, 53-54.) In particular, he alleges that one individual defendant made insensitive comments in 2004; that certain defendants allowed an offensive doll to hang in the workplace; that he was unfairly disciplined in late 2006 and early 2007; and that he has been "forced" to work without certain equipment. (Complt. ¶¶ 10, 11, 26-28, 32, 37.) Plaintiff also alleges that Defendants violated the FMLA and discriminated against him based on an unspecified disability, in violation of the NYSHRL and NYCHRL by denying him "the right to take sick leave without reprisal," and by giving him a schedule that conflicted with weekly medical appointments. (Complt. ¶¶ 36, 49-50, 56-57, 59-60.) Finally, Plaintiff asserts claims for

---

[4] Defendants deny the allegations set forth in the Complaint. However, for purposes of this motion only, Defendants treat the factual allegations in the Complaint as true.

[5] *See* Sonnenberg Aff., Exhibits B and C.

intentional infliction of emotion distress and negligent infliction of emotional distress. Plaintiff purports to assert each of his ten causes of action against all named Defendants, with no distinction whatsoever.

## ARGUMENT

On a motion to dismiss pursuant to Rule 12(b)(6), a complaint (or portions thereof) should be dismissed if, even accepting the factual allegations in the complaint as true, the plaintiff has failed to state a legally cognizable claim against the defendant. *See IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049, 1052 (2d Cir. 1993).

Generally, on a motion to dismiss, the Court is limited to a consideration of the facts alleged in the complaint. However, a complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995). Moreover, the Court can consider a plaintiff's administrative charge, whether or not it is referenced in the complaint. *See Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565-66 (2d Cir. 2006) (considering the plaintiffs' EEOC charge "because the . . . plaintiffs' rely on these documents to satisfy the ADEA's time limit requirements"); *see also Ambris v. Bank of N.Y.*, No. 96 Civ. 0061 (LAP), 1997 U.S. Dist. LEXIS 2575, *4-5 (S.D.N.Y. Mar. 10, 1997) (even where a plaintiff has chosen not to attach a document as an exhibit or incorporate it by reference, the court may properly consider any document integral to the complaint).

### I. Plaintiff Fails To State A Title VII Claim Against Any Individual Defendant

Plaintiff purports to assert Title VII claims against the six individual defendants. However, the law is clear in the Second Circuit: individuals cannot be held liable under Title VII. *Mandell v. County of Suffolk*, 316 F.3d 368, 377 (2d Cir. 2003); *Wrighten v.*

*Glowski*, 232 F.3d 119, 120 (2d Cir. 2000); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995). Indeed, even individuals with supervisory control over a plaintiff cannot be held personally liable under Title VII. *Id.*; *see also Pasqualini v. MortgageIT, Inc.*, 498 F. Supp. 2d 659, 665 (S.D.N.Y. 2007) ("[I]t is established well beyond the need for citation that this Court is without power to overrule a decision of the Second Circuit, which has repeatedly held that 'an employer's agent may not be held individually liable under Title VII.'") (citation omitted).

Furthermore, Plaintiff failed to name any of the individual defendants in his administrative charge. (Sonnenberg Aff., Exhibits B and D.) The law on this issue is clear as well. In order to bring a claim under Title VII, a plaintiff must exhaust his administrative remedies by filing an appropriate administrative charge. *See* 42 U.S.C. § 2000e-5(e)(1); *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003). If the plaintiff fails to name a defendant in his administrative charge, the plaintiff may not later sue that defendant in court. *Gagliardi v. Universal Outdoor Holdings, Inc.*, 137 F. Supp. 2d 374, 397 (S.D.N.Y. 2001) ("[A] district court lacks subject matter jurisdiction over parties not named in an EEOC charge."). Thus, even if individual defendants could be held liable under Title VII, Plaintiff may not now bring this claim against them because he failed to name them in his administrative charge.

Plaintiff's Title VII claim therefore fails as a matter of law with respect to the individual defendants and should be dismissed.

## II. Plaintiff Fails To State An FMLA Claim Against Any Individual Defendant

Plaintiff also purports to assert FMLA claims against the six individual defendants. The allegations in the Complaint, however, are insufficient to establish that

any of the individual defendants qualify as "employers" under the FMLA, or that any of the individual defendants took any action which violated the statute.

The FMLA defines "employer" to include "any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer." 29 U.S.C. § 2611(4)(A)(ii). When interpreting the definition of "employer" under the FMLA, courts look to the Fair Labor Standards Act ("FLSA"), which contains a similar definition. *E.g., Johnson v. A.P. Prods., Ltd.*, 934 F. Supp. 625, 628-29 (S.D.N.Y. 1996) (dismissing FMLA claim against individual defendant). Drawing on FLSA precedents, courts have concluded that the FMLA's definition of "employer" "extends to all those who controlled in whole or in part [plaintiff's] ability to take a leave of absence and return to her position." *Id.* However, as the *Johnson* court cautioned, courts should not interpret the FMLA's definition of "employer" so broadly as to "support liability against any agent or employee with supervisory power over employees." *Id.*; *see also Le Williamson v. Deluxe Fin. Servs.*, No. 03-2538-KHV, 2005 U.S. Dist. LEXIS 15293, *28 (D. Kan. Jul. 6, 2005) (granting summary judgment for individual defendants when human resources manager and supervisory employees lacked sufficient responsibility to affect plaintiff's FMLA rights); *Brunelle v. Cyro Indus.*, 225 F. Supp. 2d 67, 82 (D. Me. 2002) (granting summary judgment for individual defendant even though he had limited responsibility for making decisions relating to company's denial of plaintiff's leave); *Keene v. Rinaldi*, 127 F. Supp. 2d 770, 777-78 n.3 (M.D.N.C. 2000) ("[N]either the FLSA nor the FMLA were intended to impose liability on mere supervisory employees as opposed to owners, officers, etc.").

Plaintiff does not allege that the individual defendants controlled, in any way, his ability to take FMLA leave. Instead, the Complaint merely alleges (1) that Plaintiff asked for Tuesday afternoons off to attend medical appointments and that Defendant Tracy "promised him this accommodation"; and (2) that some time later Plaintiff "was given a schedule which required him to work on alternate Tuesday afternoons." (Complt. ¶ 34, 36.)[6] Plaintiff does not (and cannot) suggest that any of the individual defendants had any authority to approve or deny a request for FMLA leave – to the extent he even made such a request. Nor does he allege any specific violation of FMLA by any individual defendant. In fact, Plaintiff fails to allege even generally any basis for holding the individual defendants liable under the FMLA. *See Redhead v. Conference of Seventh-day Adventists*, 440 F. Supp. 2d 211, 224 (E.D.N.Y. 2006) (dismissing FMLA claim when plaintiff failed to allege defendant qualified under FMLA's definition of "employer" or that she worked at least 1,250 hours for defendant during previous twelve-month period).

Accordingly, Plaintiff's FMLA claim should be dismissed with respect to the individual defendants.

### III. Plaintiff's Bare Allegations Against Defendants Burke, Ramjattan, And Tracy Are Insufficient To State A Claim Under Any Theory

Plaintiff makes only a few allegations specific to Defendants Burke, Ramjattan, and Tracy – and the claims he does make against them are insufficient to state a claim under any theory:

- Plaintiff alleges that he met with Defendants Burke and Ramjattan in October 2007 to complain about "the black doll," his transfers, and

---

[6] Plaintiff further makes the general allegation that "Defendant employers denied Plaintiff the right to take sick time without reprisal" in violation of the FMLA. (Complt. ¶ 50.) However, the Complaint alleges no details and does not point to any of the individual defendants.

LEGAL_US_E # 79219864.3                    7

- discriminatory comments other co-workers allegedly made. (Complt. ¶ 31.) Plaintiff later admits that Defendants Burke and Ramjattan ordered the doll removed. (Complt. ¶ 20.)

- Plaintiff alleges that he met with Defendants Ramjattan and Tracy in February 2007 to discuss an unspecified medical condition and to request a work schedule that allowed him to attend weekly medical appointments. (Complt. ¶ 34.) Plaintiff goes on to admit that Defendant Tracy "promised him this accommodation." (Complt. ¶ 34.)

- Finally, Plaintiff also alleges that he mentioned to Defendants Tracy and Ramjattan that "he did not have a work bench or test equipment rack." (Complt. ¶ 37.)

This is the full extent of Plaintiff's allegations against these three individual defendants. At most, Plaintiff alleges that he made a complaint of discrimination to Defendants Burke and Ramjattan, and that he asked Defendants Ramjattan and Tracy that he be allowed time off of work in order to attend weekly medical appointments. In short, Plaintiff simply does not allege that Defendants Burke, Ramjattan, and Tracy did anything unlawful. Moreover, Plaintiff admits that Defendants Burke and Ramjattan followed up on his complaints to them by ordering the removal of the doll, and that Defendant Tracy agreed to accommodate his scheduling request – hardly conduct that would qualify as participation in discrimination under any statute. (Complt. ¶¶ 20, 34.)

Absent some sort of personal involvement or participation in discriminatory conduct, individuals cannot be held personally liable under either New York or federal

anti-discrimination laws.[7] *See, e.g., Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2nd Cir. 2000) (dismissing Section 1981 hostile work environment claim against employer's owner where the owner was at most negligent in maintaining the employer's anti-discrimination policy because there must be "some affirmative link to causally connect the actor with the discriminatory action . . . [and the] claim . . . must be predicated on the actor's personal involvement"); *Tomka v. Seiler Corp.*, 66 F.3d at 1317 (an individual cannot be held personally liable under the NYSHRL as an employer unless shown to have any ownership interest or the power to do more than carry out personnel decisions, or if he actually participates in the discriminatory conduct); *Malaney v. El Al Isr. Airlines*, No. 07 Civ. 8773 (DLC), 2008 U.S. Dist. LEXIS 1709, *17 n. 4 (S.D.N.Y. Jan. 4, 2008) (noting that plaintiff failed to state a claim against individual defendants under the NYSHRL and NYCHRL because the complaint did not "make any specific allegations concerning their participation in any alleged discrimination"); *Carmody v. City of New York*, No. 05-cv-8084 (HB), 2006 U.S. Dist. Lexis 25308, *14-15 (S.D.N.Y May 11, 2006) (merely submitting a complaint to a supervisory official does not rise to the level of personal liability under Section 1981).

Therefore, not only is Plaintiff precluded from pursuing Title VII and FMLA claims against any of the individual defendants (for reasons explained above), Plaintiff fails to state a claim against these three individual defendants under any state, city, or

---

[7] Setting aside Plaintiff's claims under Title VII, the FMLA, and Section 1985 (addressed elsewhere in this motion), his only remaining claims against the individual defendants are for race discrimination in violation of Section 1981, and race/color/national origin and disability discrimination in violation of the New York State and City Human Rights Laws.

federal anti-discrimination law. For those reasons, Plaintiff's Complaint should be dismissed entirely with respect to Defendants Burke, Ramjattan, and Tracy.

IV.     **Plaintiff's Section 1985 Cause Of Action Should Be Dismissed In Its Entirety**

Section 1985 provides a cause of action for civil conspiracies to interfere with civil rights. 42 U.S.C. § 1985(3). However, "Section 1985(3) provides no substantive rights itself; it merely provides a remedy for violation of the rights it designates." *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 527 (2d Cir. 1996) (citing *Great Am. Fed. Sav. & Loan Assoc.*, 442 U.S. 366 (1979)). Plaintiff's Section 1985 cause of action fails because: (1) Plaintiff cannot point to a deprivation of rights that may form the substantive basis of a claim under Section 1985; (2) Plaintiff fails to allege sufficiently a conspiracy; and (3) the intra-corporate immunity doctrine makes a conspiracy legally impossible in this case.

   A.    Plaintiff Cannot Point To A Deprivation Of Rights That May Form The Substantive Basis Of A Section 1985 Claim

To state a claim under Section 1985, Plaintiff must also allege a predicate deprivation of his civil rights. *See Sherlock*, 84 F.3d at 527. However, none of the other statutory violations alleged in Plaintiff's Complaint may be used to form the substantive basis of his Section 1985 claim.

It is well-settled that a Section 1985 claim cannot be predicated on a violation of Title VII. *Sherlock*, 84 F.3d at 527 (in light of the enforcement and conciliation mechanism created by Congress for claims under Title VII, the deprivation of a right created by Title VII cannot be the basis for a cause of action under Section 1985); *see also Harris v. Niagara Mohawk Power Corp.*, No. 95-CV-788 FJS GJD, 1998 WL 865566, *6 (N.D.N.Y. Dec. 7, 1998) (Section 1985 does not confer a separate right of

action for injuries redressed by Title VII). Similarly, courts in the Second Circuit have held that a violation of Section 1981 cannot form the basis for a Section 1985 claim. *See, e.g., Abdi v. Brookhaven Sci. Assocs., LLC*, 447 F. Supp. 2d 221, 227 (E.D.N.Y. 2006) (concluding that the plaintiff's "claim fails as a matter of law because an alleged violation of § 1981 cannot form the basis of a conspiracy under § 1985(3)"); *Jenkins v. Arcade Bldg. Maint.*, 44 F. Supp. 2d 524, 533 (S.D.N.Y. 1999) ("[Section] 1981's prohibition against racial harassment relating to the conditions of employment . . . cannot form the substantive basis for a § 1985(3) conspiracy."); *Harris*, 1998 WL 865566, at *6 ("Section 1985 does not confer a separate right of action for injuries redressed by . . . 42 U.S.C. § 1981."); *Ladson v. Ultra E. Parking Corp.*, 853 F. Supp. 699 (S.D.N.Y. 1994) ("The Court also declines to find that Plaintiff's § 1981 cause of action provides the basis for a claim under § 1985."). Thus, Plaintiff has not and cannot identify a violation of civil rights to support his Section 1985 claim.[8]

### B. Plaintiff Also Fails To Allege The Required "Conspiracy"

Courts have made clear that "[a] complaint alleging a conspiracy under Section 1985 must 'set forth with certainty facts showing particularly what a defendant or defendants did to carry the conspiracy into effect, whether such acts fit within the framework of the conspiracy alleged, and whether such acts, in the ordinary course of events, would proximately cause injury to the plaintiff.'" *Richards v. N.Y. State Dep't of Corr. Servs.*, 572 F. Supp. 1168 (S.D.N.Y. 1983) (citations omitted); *see also Rowe*

---

[8] Plaintiff's claims under *state* and *city* law cannot form the basis for his Section 1985 claim. *See, e.g., Mason v. CIGNA Ins. Co. of Europe S.A.-N.V.*, 165 F.3d 14, 14 (2d Cir. N.Y. 1998) ("Nor is there any allegation that [the plaintiff] was deprived of any *federal* right as a result of the actions alleged, which is fatal to his § 1985 claim.") (emphasis added); *El Horin Yisrael v. Per Scholas, Inc.*, No. 01 Civ. 8290 (DAB), 2004 U.S. Dist. LEXIS 5807, *16 (S.D.N.Y. 2004) (noting that the plaintiff's Section 1985 claim required a violation of a *federal* statutory or constitutional right).

*Entm't Inc. v. William Morris Agency, Inc.*, 167 Fed. Appx. 227, 229 (2d Cir. 2005); *Hoehn v. Int'l Sec. Servs. & Investigations*, No. 97-CV-0974A(F), 1999 U.S. Dist. LEXIS 22546, *47 (W.D.N.Y. Mar. 4, 1999). In *Richards*, for example, the court concluded that the plaintiff did not sufficiently allege a Section 1985 conspiracy because the complaint "contain[ed] nothing more than generalized, unsupported allegations and simple conclusions, which do not describe the parameters of a conspiracy." 572 F. Supp. at 1174. Similarly, in his Complaint, Plaintiff makes only generalized, unsupported allegations and simple conclusions regarding a conspiracy. In fact, the Complaint *only once* even mentions a conspiracy: "Each of the Defendants conspired with each of the other defendants to violate Plaintiff's rights based upon a racial animus against him, and based upon an animus against him for his opposition to racial discrimination." Complt. ¶ 47. This simply does not amount to a conspiracy under Section 1985.

### C. The Intra-Corporate Immunity Doctrine Renders A Conspiracy Legally Impossible In This Case

In any event, the intra-corporate immunity doctrine makes a conspiracy legally impossible in this case. Under the intra-corporate immunity doctrine, "members of a single entity cannot be found to have conspired together with such entity or with each other in their capacity as members of the entity." *Herrmann v. Moore*, 576 F.2d 453, 259 (2d Cir. 1978) (rejecting plaintiff's Section 1985 claim because each defendant was a trustee or employee of the defendant educational corporation and acted in that capacity when they terminated the plaintiff); *Little v. City of N.Y.*, 487 F. Supp. 2d 426, 441-42 (S.D.N.Y. 2007) (dismissing Section 1985 claim against individual defendants because both were employees of the City of New York and were acting within the scope of their employment). Plaintiff alleges that all six of the individual defendants were employees

of one of the corporate Defendants and that the individual defendants were "acting within the scope of their employment." (Complt. ¶ 8.) Thus, the intra-corporate immunity doctrine applies here, and renders a conspiracy legally impossible.

For the foregoing reasons, Plaintiff cannot state a claim under Section 1985 and this claim should be dismissed from the Complaint in its entirety.

### V. Plaintiff's Negligent Infliction of Emotional Distress Claim Is Preempted By New York's Workers' Compensation Law

Plaintiff also brings a cause of action for negligent infliction of emotional distress. The New York Workers' Compensation Law, however, is the *exclusive* remedy when an employee is injured "by the negligence or wrong of another in the same employ." N.Y. WORKERS' COMP LAW § 29(6). It is well settled that claims for negligent infliction of emotional distress are preempted by the Workers' Compensation statute. *E.g.*, *Pasqualini*, 498 F. Supp. 2d at 666 (citing *Torres v. Pisano*, 116 F.3d 625 (2d Cir. 1997)). The Second Circuit, for example, concluded that a workers' compensation claim was the exclusive remedy available to an employee who alleged the defendant employer negligently allowed a hostile work environment. *Torres*, 116 F.3d at 640. Therefore, Plaintiff's claim for negligent infliction of emotion distress also should be dismissed from the Complaint in its entirety.

### VI. Plaintiff Should Not Be Granted Leave To Amend His Complaint

Courts frequently deny leave to amend if amendment would be futile. *See, e.g.*, *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility. . . ."). Furthermore, a plaintiff must have a good faith basis for amending the complaint. *See Exportaciones Del Futuro S.A. De C.V. v. Iconix Brand Group Inc.*, No. 07 Civ. 4145 (LBS), 2007 U.S.

Dist. LEXIS 83309, *6 (S.D.N.Y. Nov. 6, 2007) (denying leave to amend when plaintiff lacked good faith basis to do so); *see also McCarthy*, 482 F.3d at 200 ("A district court has discretion to deny leave for good reason, including . . . bad faith. . . ."). Here, granting Plaintiff leave to amend his negligent infliction of emotional distress claim, Section 1985 claim, and Title VII claim (with respect to the individual defendants) would be futile because those claims fail as a matter of law and clearly cannot be remedied by amending the Complaint. It also does not appear from the allegations in the Complaint that Plaintiff can in good faith amend it to remedy his FMLA claims against the individual defendants, or to state any claim against Defendants Burke, Ramjattan, and Tracy. Therefore, the Court should deny Plaintiff leave to amend.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant their motion to dismiss portions of Plaintiff's Complaint as follows:

- Dismiss the first cause of action in Plaintiff's Complaint (Title VII) with respect to all six individual defendants.

- Dismiss the fourth cause of action in Plaintiff's Complaint (FMLA) with respect to all six individual defendants.

- Dismiss Defendants Burke, Tracy, and Ramjattan from this action entirely.

- Dismiss the third cause of action in Plaintiff's Complaint (Section 1985) entirely.

- Dismiss the tenth cause of action in Plaintiff's Complaint (negligent infliction of emotional distress) entirely.

Dated: New York, New York  
       May 7, 2008

Respectfully submitted,  
Paul, Hastings, Janofsky, and Walker LLP

By: _____/s/ Stephen P. Sonnenberg_____  
Stephen P. Sonnenberg (SS-4609)  
Genevieve C. Nadeau (GN-1977)  
75 East 55th Street  
New York, New York 10022  
(212) 318-6000

*Attorneys for Defendants*

TO:   Lennox S. Hinds, Esq.  
      STEVENS, HINDS, & WHITE P.C.  
      116 W. 111 Street  
      New York, NY 10026  
      (212) 864-4445  
      *Attorneys for Plaintiff*